UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGEL ROMERO,

    Petitioner,

v.              Case No. 18-C-1510

DAN WINKLESKI,

    Respondent.

## SCREENING ORDER

On September 26, 2018, Petitioner Angel Romero filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Romero was convicted in Milwaukee County Circuit Court of one count of hit and run involving death. He was sentenced to fifteen years imprisonment and ten years of extended supervision. Romero is currently incarcerated at New Lisbon Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time. . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Romero asserts that he was denied due process because the trial court sentenced him based on three pieces of inaccurate information. In particular, Romero contends that the circuit court erroneously believed that Romero had struck two pedestrians with his car, rather than one; that the victim's life could have been saved if Romero had stopped to render aid; and that Romero may have fled the scene because he was intoxicated at the time of the incident and did not want to submit to a blood test. From the face of the petition, the court cannot conclude that his claim lacks merit. Accordingly, Romero will be allowed to proceed on his due process claim.

**IT IS THEREFORE ORDERED** that within 45 days of the date of this order Respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that Romero shall have 30 days following the filing of Respondent's answer within which to file a reply brief.

**IT IS FURTHER ORDERED** that once a reply is filed, the court will determine whether further briefing is required.

Because Romero's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Romero need not mail to counsel for the Respondent copies of documents sent to the court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing (NEF) to the State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary.

The Department of Justice will inform the court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

      Dated this __3rd__ day of October, 2018.

                                        s/ William C. Griesbach
                                        William C. Griesbach, Chief Judge
                                        United States District Court