UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGEL ROMERO,

        Petitioner,

v.                                    Case No. 18-C-1510

DAN WINKLESKI,

        Respondent.

## DECISION AND ORDER DENYING PETITION

Petitioner Angel Romero filed a petition for federal relief from his state court conviction pursuant to 28 U.S.C. § 2254 on September 26, 2018. After entering a guilty plea to one count of hit and run involving death, the Milwaukee County Circuit Court sentenced Romero to fifteen years imprisonment and ten years of extended supervision. In his petition, Romero asserts that he was denied due process during sentencing because the trial court based the sentence on three pieces of inaccurate information. For the reasons that follow, the petition will be denied and the case dismissed.

## BACKGROUND

On the early morning of November 23, 2014, Romero struck a pedestrian, who was crossing the street with a friend, with the vehicle he was driving. The victim died the next day from multiple blunt force injuries. Romero was charged with one count of hit and run resulting in a death as a repeater and one count of operating a motor vehicle while revoked causing death as a repeater. Romero pled guilty to one count of hit and run causing death. The court sentenced Romero to fifteen years of imprisonment and ten years of extended supervision.

Romero subsequently filed a postconviction motion, which the trial court denied. The Wisconsin Court of Appeals summarily affirmed the judgment of conviction and postconviction order. *State v. Romero*, No. 2017AP671-CR (Wis. Ct. App. Dec. 21, 2017). The Wisconsin Supreme Court denied Romero's petition for review on May 8, 2018.

**ANALYSIS**

Romero's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, a federal court may grant habeas relief only when a state court's decision on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" decisions from the Supreme Court, or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); *see also Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). A state court decision is "contrary to . . . clearly established Federal law" if the court did not apply the proper legal rule, or, in applying the proper legal rule, reached the opposite result as the Supreme Court on "materially indistinguishable" facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision is an "unreasonable application of . . . clearly established federal law" when the court applied Supreme Court precedent in "an objectively unreasonable manner." *Id.*

This is, and was meant to be, an "intentionally" difficult standard to meet. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington*, 562 U.S. at 103).

2

Romero asserts that his due process rights were violated because he was sentenced based on inaccurate information. A criminal defendant has a due process right to be sentenced based on accurate information. *Ben–Yisrayl v. Buss*, 540 F.3d 542, 554 (7th Cir. 2008) (citing *Townsend v. Burke*, 334 U.S. 736 (1948); *United States v. Tucker*, 404 U.S. 443 (1972)). To establish a due process violation based on inaccurate information, a defendant must prove that (1) information before the sentencing court was inaccurate and (2) the sentencing court relied on the misinformation in passing sentence. *United States ex rel. Welch v. Lane*, 738 F.2d 863, 865 (7th Cir. 1984).

In this case the Wisconsin Court of Appeals concluded Romero had not met his burden of establishing that any of the information presented at sentencing was inaccurate or that the sentencing court relied upon inaccurate information in determining the appropriate sentence. Romero first asserts that the sentencing court erroneously believed he had struck two pedestrians, rather than one. Romero points to a portion of the transcript where the sentencing court stated:

> [A witness] explains she saw a couple walking across the street further down the block. She was able to see that. And that you didn't stop, you didn't slow down, and you struck them. And that after striking them, and again, you didn't slow down, you just took off.

ECF No. 8-7 at 27. As the Wisconsin Court of Appeals noted, the sentencing court only referred to the couple generally as it paraphrased what had happened. It was clear from the court's later comments that it was aware Romero had only struck one person and only discussed the impact the incident had on the family of the victim who was killed. In short, the sentencing court did not rely on misinformation in passing sentence here.

Second, Romero maintains that the sentencing court improperly believed that the victim's life could have been saved if Romero had stopped to assist the victim, even though it was improbable

3

that Romero could have saved his life. His argument is based on the sentencing court's comment that he "had an opportunity maybe by stopping initially, calling for help, and so I consider it to be a very aggravated circumstance." ECF No. 8-7 at 29. The sentencing court's statements do not intend to suggest that any action Romero may have taken would actually have saved the victim's life but instead demonstrate the aggravating nature of the offense due to Romero's failure to try to help the victim when he had the opportunity to do so. The Wisconsin Court of Appeals found that there "was nothing inaccurate in the circuit court's view that Romero's decision to flee the scene—without stopping to learn how badly the victim had been injured or whether there was anything that Romero could possibly do to help—was an indication of his character and an aggravating factor." ECF No. 8-4 at 3. This was not unreasonable.

Finally, Romero asserts that the sentencing court improperly speculated that he may have fled the scene because he was intoxicated at the time of the incident and feared taking a blood test. But based on the record as a whole, that was not an unreasonable inference to make. The court explained that Romero had a prior conviction for operating while under the influence, a third offense, and considered defense counsel's statement that Romero had a few drinks before the incident. The court noted that an OWI homicide would have carried a much greater penalty than a hit and run. The sentencing court further observed that Romero tried to cover up the incident at first. He asked the vehicle's owner to report it stolen, drove the vehicle to a family member's house, and attempted to flee into Mexico. The sentencing court concluded those circumstances were aggravating. The Wisconsin Court of Appeals concluded the sentencing court's concern that the reason Romero fled might have been that he was worried about the results of a blood test was a fair inference from the totality of the information before the court. Romero does not assert that he was sober at the time

4

of the accident or that his counsel was ineffective for stating that Romero had a few drinks. In short, it was not unreasonable for the Wisconsin Court of Appeals to conclude that the trial court did not rely on any inaccurate information. Accordingly, Romero's petition must be denied.

## CONCLUSION

For the reasons given above, Romero is not entitled to federal habeas relief on his claim. His petition for writ of habeas corpus is therefore **DENIED**, and the clerk is directed to enter judgment dismissing the case. A certificate of appealability will be **DENIED**. I do not believe that reasonable jurists would believe that Romero has made a substantial showing of the denial of a constitutional right.

Romero is advised that the judgment entered by the clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Romero decides to appeal, he should also request that the court of appeals issue a certificate of appealability. Fed. R. App. P. 22(b).

**SO ORDERED** this   21st   day of December, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court